# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KELVIN THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-2145 AGF |
| ALLISON ECKLES, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Kelvin Thompson for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly

baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam), or it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd*, 826 F.2d 1059 (4th Cir. 1987). When determining whether an action is malicious, the Court need not look only to the complaint before it but may also look to plaintiff's prior litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

### The Complaint

Plaintiff filed the instant action on July 25, 2019, against an employee of a local Social Security Administration ("SSA") Office in St. Louis City, Missouri, Allison Eckles. He states that he visited the SSA Office on four separate days in July and "they denied [him] services." ECF No. 1 at 5. Plaintiff does not indicate exactly what services were denied to him; rather, he states in a conclusory manner that Ms. Eckles "violated his civil rights." *Id.* Plaintiff additionally alleges that Ms. Eckles "refused [his] request for an appointment to discuss certain problems with [his] account there." *Id.*

In his complaint and supplemental pleadings, plaintiff asserts that he is bringing the present lawsuit pursuant to the following federal statutes: Title VII of the Civil Rights Act of 1964; Title II of the Americans with Disabilities Act of 1990; Title 18 U.S.C. §§ 241, 242 and 245 (conspiracy); the Civil Rights Act of 1866 (§ 1981, which prohibits discrimination based on race); the Age Discrimination in Employment Act ("ADEA"); and Section 504 of the Rehabilitation Act.

Plaintiff seeks $7500 in "actual damages" and $750,000 in "punitive damages" to purportedly "punish" defendant and deter future civil rights violations.

**Plaintiff's Current Litigation Before the Court**

Between the dates of July 11, 2019 and the present, plaintiff has filed thirteen cases in this Court against a myriad of defendants. *See Thompson v. SSA*, No. 4:19-CV-1922 SNLJ (E.D. Mo.); *Thompson v. SSA*, 4:19-CV-2110 CDP (E.D. Mo.); *Thompson v. SSA*, No. 4:19-CV-2115 (E.D. Mo); *Thompson v. FBI*, No. 4:19-CV-2134 SNLJ (E.D. Mo.); *Thompson v. Creve Coeur Police Dep't,* No. 4:19-CV-2138 NCC (E.D. Mo.); *Thompson v. St. Louis Metro. Police,* No. 4:19-CV-2139 SRC (E.D. Mo.).; *Thompson v. Eckles*, No. 4:19-CV-2145 AGF (E.D. Mo.); *Thompson v. St. Louis Metro. Police Dep't,* No. 4:19-CV-2300 CDP (E.D. Mo.); *Thompson v. Marcantano*, 4:19-CV-2301 CAS, (E.D. Mo.); *Thompson v. Normandy Police Dep't,* 4:19-CV-2307 SPM (E.D. Mo.); *Thompson v. Ferguson Police Dep't,* No. 4:19-CV-2308 NAB (E.D. Mo.); *Thompson v. Cool Valley Police Dep't,* 4:19-CV-2309 JMB (E.D. Mo.); *Thompson v. Harrison,* 4:19-CV-2312 HEA (E.D. Mo.). A review of plaintiff's litigation history in this Court indicates that most, if not all of plaintiff's actions appear to be factually frivolous in nature. *See Denton*, 504 U.S. at 32 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

**Discussion**

Having carefully reviewed and liberally construed the complaint, the Court concludes that none of the allegations states a plausible claim for relief.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Civil plaintiffs are required to set out their alleged claims and the facts supporting those claims in a simple, concise, and direct manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil

Procedure. *See McNeil*, 508 U.S. at 113. Here, plaintiff has failed to follow the foregoing requirements. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. Plaintiff has failed to articulate exactly how Ms. Eckles violated his rights or discriminated against him. Plaintiff does not indicate exactly what services were denied to him by Ms. Eckles; nor does he state how she acted in a discriminatory manner towards him. There is nothing in the complaint or supplemental pleadings to show that Ms. Eckles violated his rights.

Additionally, plaintiff's complaint is subject to dismissal for frivolity because the facts are clearly baseless. Plaintiff contends, without support, that he was denied services by Ms. Eckles on four separate occasions in July at the SSA Office in St. Louis City, but he does not state exactly what services were denied to him at the SSA Office. He alleges, in a conclusory manner, that Ms. Eckles is guilty of conspiracy, but there is no indication whom Ms. Eckles conspired with, or the constitutional rights of which Ms. Eckles allegedly attempted to deprive plaintiff. This type of pleading is wholly incredible and rises to the level of irrational. *See Owens-El v. United States*, 2 F. App'x 652, 658 (8th Cir. 2001) (stating that plaintiff's allegations that the United States Parole commission, the Federal Bureau of Prisons, and the Federal Bureau of Investigations conspired to conceal the fact that plaintiff might be able to have a prior conviction overturned was frivolous and subject to preservice dismissal).

Although plaintiff has listed a plethora of federal statutes in his complaint and supplemental pleadings that he believes Ms. Eckles has violated, he has not stated specifically what behavior of the defendant was personally related or causally connected to a violation under each specific statute that he listed. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Moreover, many of the statutes plaintiff has listed, presumably to establish this Court's jurisdiction, simply do not apply to the instances outlined in the complaint. For example, there is

no indication plaintiff was in an employment relationship with the Social Security Administration; therefore, Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act do not apply to plaintiff in this action. Additionally, plaintiff has not indicated that he suffers from a disability; nor has he shown that he is a member of a protected class. Therefore, the ADA, the Rehabilitation Act, and § 1981 simply do not apply in this case. And there is no private right of action for criminal conspiracy under 18 U.S.C. § 241, 242.

For these reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of August, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE